UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SANDRA DELL BANKS,

    Plaintiff,

vs.

WASHINGTON STATE CPS and COLORADO STATE CPS,

    Defendants.

NO. CV-06-0335-JLQ

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND DENYING MOTION FOR COUNSEL

    BEFORE THE COURT is Plaintiff's Amended Complaint, (Ct. Rec. 8), and Plaintiff's Motion for Counsel. (Ct. Rec. 9). Plaintiff is proceeding *pro se* and *in forma pauperis*. When *pro se* litigants are proceeding *in forma pauperis*, the court must review the complaint for legal sufficiency, and shall dismiss it if it is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii);  *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) ("section 1915(e) applies to all *in forma pauperis* complaints"). After performing an initial review of the Plaintiff's Complaint, which consisted of a single caption page identifying the parties, the Court issued an Order to Amend Complaint, (Ct. Rec. 7), providing the Plaintiff with instruction and an opportunity to amend her Complaint to comply with the minimal requirements of 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 8. In response, Plaintiff filed an Amended Complaint, (Ct. Rec. 8), which the Court has reviewed.

    In the Amended Complaint, Plaintiff alleges that Colorado State Child Protective Service wrongfully removed her son and granddaughter from her custody. Through this

ORDER - 1

action, the Plaintiff seeks to regain custody. After carefully reviewing the Amended Complaint, the Court believes this action must be dismissed because the Defendants are immune from suit and the action is barred by the domestic relations exception to federal subject matter jurisdiction.

## DISCUSSION

First, "[t]he Eleventh Amendment bars suits against a state or its agencies, regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity." *Wilbur v. Locke*, 423, F.3d 1101, 1111 (9th Cir. 2005) (quoting *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 11245 (9th Cir. 1999). In the State of Washington, Child Protective Services is a division of the Washington State Department of Social and Health Services, a state agency. It appears that in Colorado, what the Plaintiff refers to as "Colorado State CPS" is actually Child Welfare, a division of the Colorado Department of Human Services, also a state agency. Here, neither the State of Washington nor the State of Colorado has consented to suit by expressly waiving its Eleventh Amendment immunity. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2), if the court determines, among other things, that an action brought *in forma pauperis* seeks relief from defendants who are immune from such relief, the court is required to dismiss the action.

Second, the Plaintiff's claims arise from a state court child custody dispute and are therefore barred by the domestic relations exception to federal subject matter jurisdiction. The domestic relations exception is a judicially created doctrine that "divests the federal courts of power to issue divorce, alimony and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (explaining the domestic relations exception to diversity jurisdiction); *see also Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (stating that "federal courts have uniformly held that they should not adjudicate cases involving domestic relations, including 'the custody of minors and *a fortiori*, right of visitation.' For that matter, the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter"). "Even when a federal

ORDER - 2

question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986). In the Ninth Circuit, district courts must refuse jurisdiction if the primary issue concerns child custody issues or the status of parent and child or husband and wife. *See Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987); *Csibi v. Fustos*, 670 F.2d 134, 136-37 (9th Cir. 1982). As the Ninth Circuit has explained:

> [t]he strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate.

*Coats*, 819 F.2d at 237 (quoting *Peterson*, 708 F.2d at 466).

In *Coats*, the plaintiff filed a series of complaints, naming as defendants her former husband, his new wife, their attorney, the court-appointed attorney for their two children, a court-appointed psychologist, two court commissioners, two Superior Court judges, the Orange County Superior Court, the County of Orange Costa Mesa Police Department, the Newport-Mesa School District, and an organization called United Fathers. 819 F.2d at 236-37. The plaintiff alleged that defendants involved in state court proceedings had wrongfully deprived her of the custody of her two children, thereby depriving her of a liberty interest, in violation of 42 U.S.C. §§ 1983, 1985(2), and 1985(3). Because the action at its core implicated domestic relations issues, traditionally an area of state concern, the Ninth Circuit affirmed the district court's decision to abstain from exercising jurisdiction. The Ninth Circuit reasoned that:

> This case, while raising constitutional issues, is at its core a child custody dispute . . . If the constitutional claims in the case have independent merit, the state courts are competent to hear them. Given the state courts' strong interest in domestic relations, we do not consider that the district court abused its discretion when it invoked the doctrine of abstention.

Id. at 237.

ORDER - 3

Like *Coats*, this action appears to be a challenge to a state court child custody decision. Therefore, just as in *Coats*, it appears this court must decline to exercise jurisdiction.

Because the Court is without jurisdiction and cannot provide the Plaintiff with the relief she seeks, the Court is of the opinion that repleading will not cure the deficiencies in Plaintiff's Amended Complaint. When it is absolutely clear that the deficiencies in a complaint cannot be overcome by amendment, the court need not provide an opportunity to amend. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (stating that a *pro se* litigants must be given the opportunity to amend their complaint to correct any deficiencies unless it is absolutely clear that amendment would be futile). Accordingly, Plaintiff's Amended Complaint is **DISMISSED without prejudice** and Plaintiff's Motion for Counsel is **DENIED as moot.**

**IT IS SO ORDERED.** The Clerk of this court shall enter this Order, enter judgment of dismissal without prejudice, forward a copy to Plaintiff, and close the file.

**DATED** this 11th day of January 2007.

s/ Justin L. Quackenbush

JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE
